[Nos. 34494-3-I; 34624-5-I. Division One. July 31, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. LORENZO ROUSSEAU, *Defendant, and* EDWARD ONEAL PRINCE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent*, v. GAYLORD CECIL YOUNG, *Appellant.*

*Richard Tassano* and *Michael Mittlestat*, for appellants.
*Catherine Hendricks*, for respondent.

BAKER, C.J. — Edward Prince and Gaylord Young[1] each argues that the trial court erred in failing to grant an exceptional sentence downward based on his minor role in the crime of delivery of a controlled substance. We hold that appellants are barred by RCW 9.94A.210(1) from appealing their standard range sentences.

## FACTS

Young pleaded guilty to delivery of a controlled substance within a school zone. He moved for an exceptional sentence based on his minor role in the transaction and

---

[1]We consolidate these cases for review pursuant to RAP 3.3.

his drug addiction, arguing that he had merely acted as the conduit for the drug transaction, transferring the drugs and money between buyer and seller in hopes of procuring some drugs for himself as a reward. The court noted that "the fact that he was a middle man does not necessarily minimize his participation", indicated its belief that what Young was really asking for was an exceptional sentence based on drug addiction, and adhered to the standard range.

A jury found Prince guilty of delivery of cocaine. At sentencing Prince unsuccessfully argued that he deserved an exceptional sentence based on his minor role in the transaction, evidenced by the fact that he did not handle the cocaine or the money. The court determined that Prince did not play a minor role in the crime because he facilitated the delivery by bringing the buyer and seller together.

## ANALYSIS

■ Our Supreme Court recently held that RCW 9.94A.210(1) precludes appeal of a trial court's refusal to impose an exceptional sentence.[2] We are bound by that decision.

Appellants nevertheless argue that the statutory prohibition violates our state constitutional guarantee of the right to appeal, found in art. I, § 22 (amend. 10). They then proceed to argue that disallowing appeals of standard range sentences in this type of case will violate equal protection and due process guarantees. Appellants point to the Supreme Court's recent decision that an offender's low level of involvement in a drug transaction can justify an exceptional sentence below the standard range.[3] They reason that their constitutional guarantees will be breached because some judges will give exceptional sentences below the standard range in such cases while others, including the trial courts in their respective cases, will not.

---

[2]*State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994).

[3]*State v. Alexander*, 125 Wn.2d 717, 729, 888 P.2d 1169 (1995).

■ ■ We reject this argument. The Legislature has expressly given sentencing courts limited discretion to grant exceptional sentences.[4] The exercise of discretion inherently involves the possibility of different results. Absent reliance by a trial court upon an unconstitutional basis for imposing a particular sentence, we see no constitutional implications in the fact that different results may ensue from similar facts. Offenders may in some instances benefit from a court's exercise of discretion, but offenders do not have a right to a particular result that lies within the courts' discretion.

Each appellant asks this court to rule that his level of participation is minor and constitutes a mitigating factor as a matter of law. However, such a ruling would remove the "exceptional" from exceptional sentences and effectively create a new standard range for a particular type of involvement in drug transactions. The fixing of punishments is within the purview of the Legislature, which has chosen to limit the discretion of the courts.[5] We decline to challenge that limitation.

Appellants' sentences are affirmed.

KENNEDY, A.C.J., and Cox, J., concur.

Reconsideration denied September 1, 1995.

Review denied at 128 Wn.2d 1011 (1996).

---

[4]RCW 9.94A.120(2), .390.

[5]*State v. Ammons*, 105 Wn.2d 175, 180-81, 713 P.2d 719, *cert. denied*, 479 U.S. 930 (1986).