[Nos. 37687-0-I; 37770-1-I.   Division One.   March 31, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT JOHN HRYCENKO, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DARRELL ANDRE FOSTER, *Appellant.*

---

[3]*Lepeska v. Farley,* 67 Wn. App. 548, 833 P.2d 437 (1992).

[4]*Lepeska v. Farley,* 67 Wn. App. at 551.

*Thomas M. Kummerow* of *Washington Appellate Project*, for appellant Hrycenko.

*Richard R. Tassano* and *Stacey Bennetts* of *Washington Appellate Project*, for appellant Foster.

*Davis S. McEachran, Prosecuting Attorney for Whatcom County*, and *Laura Hayes* and *David M. Grant, Deputies*; and *Norm Maleng, Prosecuting Attorney for King County*, and *Ann M. Foerschler, Deputy*, for respondent.

GROSSE, J. — ██ The statutory phrase "more onerous than typical" contained in the Sentencing Reform Act of 1981's provisions for exceptional sentences involving major drug offenses does no more than amplify the required conclusion that an offense is "major." We believe the Legislature intended the statute to read as the Supreme Court has paraphrased it: "[A] drug trafficking offense which is a 'major violation . . . more onerous than the typical offense of its statutory definition' is an aggravating factor warranting the imposition of an exceptional sentence."[1] Therefore, in these two appeals, we affirm the trial courts' conclusions that because each involved one or more statutory aggravating factors the crimes were major drug offenses more onerous than typical and justified an exceptional sentence.

Foster was convicted of possession with intent to deliver after he participated in a controlled buy of cocaine and the police subsequently discovered in his room approximately 13 ounces of cocaine divided into small packages, weighing from 100 grams to one ounce. The police found a large amount of cash, $14,455, which Foster admitted he obtained partially from drug sales, and they also found indicia of drug distribution—scales, a cutting agent, baggies, a pan, and a razor. The trial court imposed an exceptional sentence of 42 months after finding that Foster possessed a quantity of cocaine substantially larger than for personal use and finding that he held a high position in the drug distribution hierarchy, as evidenced by his use of a middleman. Foster had a zero offender score and the standard range was 21 to 27 months, with a statutory maximum of 10 years.

[1] *State v. Mejia*, 111 Wn.2d 892, 902, 766 P.2d 454 (1989).

Hrycenko was convicted of possession of marijuana with intent to deliver after attempting to transport four pounds of marijuana, divided into nine bundles, across the United States-Canada border. He admitted to knowingly transporting the drugs for delivery in Seattle. The court imposed an exceptional sentence of 12 months after finding that the attempted transfer involved drug quantities substantially larger than for personal use and finding that the crime involved a broad geographic area. The court concluded that "[t]he current offense was a major violation of the Uniform Controlled Substances Act relating to the trafficking in controlled substances, more onerous than the typical offense of its statutory definition." Clerk's Papers at 20. Hrycenko had an offender score of zero and the standard range was one to three months, with a maximum of five years.

Former RCW 9.94A.390[2] allows a court to impose an exceptional sentence:

> If the sentencing court finds that an exceptional sentence outside the standard range should be imposed in accordance with RCW 9.94A.120(2), the sentence is subject to review only as provided for in RCW 9.94A.210(4).

> The following are illustrative factors which the court may consider in the exercise of its discretion to impose an exceptional sentence. The following are illustrative only and are not intended to be exclusive reasons for exceptional sentences.

> . . . .

> (2) Aggravating Circumstances

> . . . .

> (d) The current offense was a major violation of the Uniform Controlled Substances Act, chapter 69.50 RCW (VUCSA), related to trafficking in controlled substances,

---

[2]After the 1995 sentencing at issue here, the 1996 amendments to RCW 9.94A.390 changed the numbering of this statute, but did not change the text of the sections considered in this appeal. RCW 9.94A.390, *as amended by* LAWS OF 1996, ch. 248, § 2.

which was more onerous than the typical offense of its statutory definition: The presence of ANY of the following may identify a current offense as a major VUCSA:

(i) The current offense involved at least three separate transactions in which controlled substances were sold, transferred, or possessed with intent to do so; or

(ii) The current offense involved an attempted or actual sale or transfer of controlled substances in quantities substantially larger than for personal use; or

(iii) The current offense involved the manufacture of controlled substances for use by other parties; or

(iv) The circumstances of the current offense reveal the offender to have occupied a high position in the drug distribution hierarchy; or

(v) The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time or involved a broad geographic area of disbursement; or

(vi) The offender used his or her position or status to facilitate the commission of the current offense, including positions of trust, confidence or fiduciary responsibility (e.g., pharmacist, physician, or other medical professional)[.]

Foster and Hrycenko claim that former RCW 9.94A.390(2)(d) is void for vagueness, asserting that it fails to "provide ascertainable standards of guilt to protect against arbitrary enforcement."[3] They contend that the statute does not provide an objective framework for deciding what constitutes a "more onerous than the typical" case.

The Legislature allows for exceptional sentences when major violations of the Uniform Controlled Substances Act that are more onerous than typical violations are present, as defined by a list of non-exclusive factors.[4] Foster and Hrycenko construe the statute to require a two-step inquiry: first, a determination of whether the violation

---

[3]*City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 182, 795 P.2d 693 (1990).

[4]Former RCW 9.94A.390(2)(d).

was major by reference to the factors and, second, a determination of whether the offense was more onerous than typical. Using this framework, they assert that because there are no standards to determine what constitutes a more onerous than typical crime, the statute is vague. We reject their premise. It is not a two-step inquiry.

Although somewhat inartfully stated, the Legislature has provided that if a crime involves circumstances such as the presence of quantities larger than for personal use or a broad geographic area, then this conduct constitutes an atypical, egregious crime warranting an exceptional sentence. Essentially, the phrase "more onerous than typical" is not an additional requirement, rather it is a restatement of the requirement of a "major violation."

In *State v. Solberg*, our Supreme Court implicitly recognized this construction, stating that: " 'ANY' of the circumstances in the list of aggravating circumstances may 'identify' an offense as a major violation of the Uniform Controlled Substances Act which may justify the imposition of a sentence beyond the standard range."[5] Thus, the presence of any factor provided in former RCW 9.94A.390(2)(d)(i)-(vi) may elevate a drug offense to a major violation that is more onerous than typical.[6]

■ Foster and Hrycenko also argue that factors such as "larger than personal use" or a "broad geographic area" are arbitrary because they are not defined but rather are determined by the trial judge using his or her own experience. Such an inquiry was specifically directed by the Supreme Court in *State v. Solberg*.[7] The *Solberg* court noted that "[t]rial courts, having more familiarity with day-to-day drug violations" are in the best position to

---

[5]*See State v. Solberg*, 122 Wn.2d 688, 706, 861 P.2d 460 (1993) (quoting former RCW 9.94A.390(2)(d)); *see also Mejia*, 111 Wn.2d at 902.

[6]*See Solberg*, 122 Wn.2d at 706-07.

[7]*Solberg*, 122 Wn.2d at 707.

decide whether the factors of RCW 9.94A.390 are present.[8] Contrary to Foster's and Hrycenko's argument, the fact that there is a discretionary element to sentencing does not mean the statute is vague. The Sentencing Reform Act of 1981 (SRA) structures discretionary decisions affecting sentences[9] and it requires the judge to articulate reasons for any exceptional sentence as a limit to the judge's discretion.[10] Thus, while "a justification for an exceptional sentence is necessarily subjective . . . a sentencing court's discretion is not arbitrary[.]"[11]

Under the facts of their cases, Foster and Hrycenko have not met their burden to prove that the statute was unconstitutionally void as applied to them.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

KENNEDY, A.C.J., and AGID, J., concur.

[8]*Solberg*, 122 Wn.2d at 707.

[9]RCW 9.94A.010.

[10]*See State v. Perez*, 69 Wn. App. 133, 137-38, 847 P.2d 532, *review denied*, 122 Wn.2d 1015 (1993).

[11]*Perez*, 69 Wn. App. at 138.