640

[No. 47662-9-I.   Division One.   December 24, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN TEUBER, *Appellant.*

642

*Jason B. Saunders* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Stephen P. Hobbs, Deputy,* for respondent.

BECKER, A.C.J. — The Sentencing Reform Act of 1981 allows for a felony sentence outside the standard range if a substantial and compelling reason exists for the departure in light of the purpose of the Act. Here, Steven Teuber's extensive history of traffic related misdemeanors and infractions was a compelling reason justifying an exceptional sentence for felony hit and run. Finding no error in the admission of evidence, we affirm the judgment and sentence.

At approximately 1:30 A.M. on a Saturday in October 1999, John MaGuire was driving northbound on Interstate 5 north of Federal Way. Kyle Somes was driving in the lane next to MaGuire. The men noticed headlights behind them approaching rapidly. Without slowing, the approaching car slammed into the rear of MaGuire's pickup, causing it to spin out of control and flip over. MaGuire sustained severe injuries. The investigation of the accident scene revealed no indication that the driver of the approaching car had braked before the contact.

The driver of the car did not stop. Somes gave chase as the car attempted to evade him at speeds exceeding 100 miles per hour. The car abruptly turned off the freeway and stopped at a red light. Somes called 911 to report what he had seen, and described the car as a white Monte Carlo.

In the morning, a man saw a suspicious car parked in his neighbor's driveway and called the police. The man observed Teuber get into the car, a Monte Carlo. As Teuber was backing out of the driveway, a police officer arrived. The officer arrested Teuber on warrants. Later, the Washington

State Patrol learned of the discovery of the Monte Carlo, and impounded it. Investigators found Teuber's prints inside.

The State charged Teuber with three counts: Felony Hit and Run, Reckless Driving, and Driving' while License Suspended or Revoked in the Third Degree. A jury found Teuber guilty of all three counts.

Teuber contends that the trial court erroneously admitted evidence that he used drugs during the hours prior to the accident. At trial, the State presented testimony detailing Teuber's activities on the evening of the accident. Teuber drove a burgundy and white late 1970s model Chevrolet Monte Carlo to the home of two friends. There, Teuber used methamphetamine and became sleepy. Teuber told one of his friends that he was having trouble staying awake. He asked her for a ride to Federal Way. When she refused, Teuber left in the Monte Carlo and went to the home of Anne Reed in Federal Way. While there, Teuber and Reed used methamphetamine. Around 1 A.M., Teuber called Stephan Aird, a methamphetamine dealer who lived in White Center. Teuber told Aird that he was coming over to obtain more methamphetamine.

■ ■ Teuber argues that the evidence of his use of methamphetamine was not relevant to the crime of hit and run. Evidence is relevant and necessary if the purpose of admitting the evidence is of consequence to the action and makes the existence of the identified fact more probable. *State v. Powell*, 126 Wn.2d 244, 259, 893 P.2d 615 (1995); ER 401. The decision to admit evidence lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Hamlet*, 133 Wn.2d 314, 324, 944 P.2d 1026 (1997). An abuse of discretion exists when the trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997).

Contrary to Teuber's position, the evidence of his drug use prior to the incident was relevant to prove the ultimate issue at trial—that he was responsible for the hit and run.

At trial, Teuber denied any involvement in the accident. Teuber testified that he drove the Monte Carlo to Reed's house. He testified that he fell asleep there after smoking marijuana and that he did not know what happened to the car after he fell asleep. He further testified that when he woke up the next morning, he asked Reed where the car was. He said she drove him to the Monte Carlo at around 7 A.M. on the morning after the accident. The State's evidence of Teuber's methamphetamine use tended to disprove Teuber's version of the events by showing that he had a motive to be driving at 1:30 A.M. and a reason to be on the route where the accident occurred. The evidence made it more probable that he fell asleep at the wheel while coming up behind MaGuire's pickup.

Teuber argues that any probative value of the evidence of his drug use was outweighed by its prejudicial effect. Teuber did not make an ER 403 objection below. For this reason, his argument is not properly before this court. A party may not remain silent as to a claimed error during trial and raise its objection for the first time on appeal. *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985).

Even if Teuber had made a proper ER 403 objection below, we would not conclude the trial court abused its discretion. The evidence was highly relevant to disprove Teuber's assertion that he was asleep at Reed's house when the accident occurred. The State used the evidence for this specific, limited purpose and did not use it unfairly to attack Teuber's character. The prejudice did not outweigh the probative value.

Teuber also challenges the court's decision to impose an exceptional sentence. A court may impose an exceptional sentence if it finds that substantial and compelling reasons justify departing from the standard range. Former RCW 9.94A.120(2) (2000). A sentencing court may not base an exceptional sentence on factors necessarily considered by the Legislature in setting the standard range for the offense, and the stated aggravating factor must be sufficiently substantial and compelling to distinguish the

charged offense from other crimes of the same type. *State v. Ferguson*, 142 Wn.2d 631, 649, 15 P.3d 1271 (2001).

The presentence investigation report before the sentencing court disclosed Teuber's years-long pattern of traffic related misdemeanors and infractions. The reported events, on approximately 30 separate dates, included convictions and citations for negligent driving, driving without a license, driving with a suspended license, operating a vehicle without liability insurance, speeding, following too close, improper passing, and failure to yield—to name only a few. In its findings of fact, the sentencing court noted that Teuber "has an extremely extensive unscored misdemeanor criminal history, namely 10 traffic misdemeanor convictions and 29 traffic infractions."[1] The court found that Teuber's record demonstrated a "lack of respect for the laws of the roads of Washington and his lack of respect for the safety of other drivers."[2]

For the felony hit and run conviction, Teuber had a standard sentencing range of 6 to 12 months. The court imposed an exceptional sentence of 24 months. The court justified the additional time solely on the basis of its finding regarding Teuber's "unscored extensive misdemeanor criminal history."[3] Like Teuber, we interpret the finding as showing that the court took into consideration not only his unscored misdemeanors, but also the numerous civil traffic infractions. Teuber argues that the civil infractions should not have been considered and that his misdemeanor traffic record, by itself, is not so egregious as to support an exceptional sentence.

■■ A court's stated reason for imposing an exceptional sentence will be upheld on appeal if not clearly erroneous, that is, if supported by substantial evidence. *State v. Jeannotte*, 133 Wn.2d 847, 856, 947 P.2d 1192 (1997). Whether the stated reason justifies a departure from the

[1] Clerk's Papers at 74-75.

[2] Clerk's Papers at 75.

[3] Clerk's Papers at 75.

standard range as a matter of law is reviewed de novo. *Jeannotte*, 133 Wn.2d at 856.

▮ Prior unscored misdemeanor criminal history can be a valid aggravating factor if it results in a presumptive sentence that is clearly too lenient. Former RCW 9.94A-.390(2)(j) (2000). Teuber argues that the traffic infractions, being civil in nature, are not related to his crime of hit and run and cannot form a valid basis for an exceptional sentence. He claims that the court failed to explain or consider how his misdemeanor history, taken by itself, would result in too lenient a sentence.

▮ While the sentencing court's written findings do not provide this explanation, inadequate written findings may be supplemented by the trial court's oral decision or statements in the record. *In re Det. of Labelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986). The sentencing court addressed the rationale for the exceptional sentence in oral remarks:

> But when I look at the record of Mr. Teuber's conduct in this case against the backdrop of his history of irresponsibility behind the wheel, I am concerned. . . .
>
> Operating a vehicle without concern to the public is a historic pattern of behavior for you. This is the culmination of a life of disregard for the safety of others on the highway. It cries out for the courts to take action.[4]

▮ ▮ We reject Teuber's argument that his driving history must include other hit and runs or traffic accidents in order to constitute a valid aggravating factor. His irresponsibility as a driver is the link between the current offense and the infraction record. The length of Teuber's record demonstrates a lack of respect for the laws of the road and disregard for the safety of others. Particularly in light of Teuber's failure to improve over time, his record distinguishes the circumstances of his offense from other hit and run offenses.

A defendant's lack of criminal history is not grounds for sentencing below the standard range. *State v. Freitag*, 127

---

[4] Verbatim Report of Sentencing Proceedings at 22.

Wn.2d 141, 144, 896 P.2d 1254 (1995); *State v. Ha'mim*, 132 Wn.2d 834, 841, 940 P.2d 633 (1997). But contrary to Teuber's argument, these cases are not on point. The trial court did not consider Teuber's lack of criminal history, but rather his long record of abuse of the privilege to drive on public roads.

The Sentencing Reform Act of 1981 authorizes the imposition of an exceptional sentence where the court finds substantial and compelling reasons justifying the exceptional sentence in light of the purposes of the Act. Former RCW 9.94A.120(2). The Act's list of statutory aggravating factors is not intended to be exhaustive. *See* former RCW 9.94A.390. We conclude that Teuber's traffic record as a whole—civil and criminal—provides a substantial and compelling reason for an exceptional sentence. We are satisfied with the trial court's oral explanation why a standard range sentence would be clearly too lenient in light of Teuber's record.

Teuber also contends that the extent of a victim's injuries and the resulting financial burden are not valid aggravating factors for the crime of felony hit and run. Because the sentencing court did not rely on these findings as reasons for imposing the exceptional sentence, we do not reach this issue. *State v. Gentry*, 125 Wn.2d 570, 616-17, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995) (purely academic discussions of moot issues are inappropriate).

Finally, Teuber challenges former RCW 9.94A.120 (the felony sentencing statute) and former RCW 9.94A.390 (statutory guidelines for imposing exceptional sentences) on the basis that they are unconstitutionally vague. He contends the statutes do not provide an objective framework to determine whether there are substantial and compelling reasons to label a crime more egregious than the typical crime of that type. He further contends that the vagueness of these statutes deprives him of his constitutional and statutory rights to appeal and his right to due process on appeal. This court has rejected the same argu-

648

ment on three previous occasions and we decline to revisit it. *See State v. Wilson*, 96 Wn. App. 382, 396-98, 980 P.2d 244 (1999); *State v. Jacobson*, 92 Wn. App. 958, 968, 965 P.2d 1140 (1998), *review denied*, 137 Wn.2d 1033 (1999); *State v. Hrycenko*, 85 Wn. App. 543, 549, 933 P.2d 435 (1997).

Affirmed.

COLEMAN and KENNEDY, JJ., concur.

Review denied at 146 Wn.2d 1021 (2002).