

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39293-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN JOHN VOORHEES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Bryan Voorhees pleaded guilty to three domestic violence felonies under two superior court cause numbers on the same day. The trial court imposed an exceptional sentence for a conviction of second degree assault domestic violence by running the sentence consecutive to the sentences imposed in the first case. Voorhees appeals his conviction and sentence for second degree assault raising two issues. First, he argues that the record fails to establish that his plea was knowing, intelligent, and voluntary because the trial court failed to establish that Voorhees understood the nature of the offense for which he was pleading guilty. Second, Voorhees contends that the trial court abused its discretion by imposing a consecutive sentence.

We find that Voorhees' plea was knowing, intelligent, and voluntary but reverse the exceptional sentence for second degree assault. Voorhees' single misdemeanor conviction for assault domestic violence from 2007 does not represent a substantial and compelling reason for departing from the guidelines and imposing an exceptional sentence.

BACKGROUND

The State charged Voorhees with domestic violence crimes stemming from two separate incidents, with two different alleged victims, occurring three years apart.

On October 5, 2022, Voorhees pleaded guilty to three counts of domestic violence under both cause numbers. In the older of the two cases, Voorhees pleaded guilty to one count of second degree assault domestic violence from an incident that occurred in March 2019. In the statement of defendant on plea of guilty, Voorhees' attorney indicated that the elements of this charge were reflected in the information. In lieu of making a statement in his own words, Voorhees stipulated that the court could consider the probable cause affidavit to establish a factual basis for the plea. The stipulated probable cause affidavit alleged that during an argument with his then-girlfriend, Voorhees "produced a pistol and, with his finger on the trigger, pressed it into her chest causing pain and visible injury," and then fired a shot into her bedroom doorframe.

In the more recent of the two cases, Voorhees pleaded guilty to first degree burglary domestic violence and second degree unlawful possession of a firearm on

January 2022.  The stipulated probable cause statement alleged that on or about January 16, 2022, Voorhees assaulted another woman by pressing a pistol into her chest.

Sentencing for both cases occurred immediately after the pleas.  Voorhees' criminal history includes a prior fourth degree misdemeanor assault conviction for domestic violence occurring back in 2007.  This prior misdemeanor was not included in calculating Voorhees' offender score.

The first degree burglary charge carried a standard range sentence of 31 to 41 months of incarceration.  The parties recommended a mid-range sentence of 36 months.  The second degree assault charge carried a standard range sentence of 13 to 17 months.  The parties recommended a 17-month sentence on the assault charge to run concurrent with the sentence on the other case.

During the plea hearing, the judge went through each charge Voorhees intended to plead guilty to.  She started with the charges of burglary and unlawful possession of a firearm from January 2022 and asked whether it was his intention to plead guilty to burglary in the first degree domestic violence and unlawful possession of a firearm in the second degree.  Voorhees responded affirmatively.  Next, the judge moved onto the assault charge from March 2019.  She asked whether it was his intention and understanding to plead guilty to one count of second degree assault domestic violence.  Again, Voorhees responded affirmatively.

Following this interaction, the judge informed Voorhees she had received his

statement of defendant on plea of guilty in both matters. She informed him that it

referenced the charges they just talked about and appeared to have both his and his

attorney's signature on all the paperwork with his intent to plead guilty. She further

inquired whether Voorhees reviewed the paperwork with his attorney in which he

answered, "yes ma'am." Rep. of Proc. (RP) at 6. In addition, she asked generally

whether he understood everything it contained and again he answered yes. She then

informed him of the standard sentencing range and that she was not required to follow

any recommendations provided. Before asking Voorhees how he wanted to plead to each

individual charge, she once again asked him whether he had enough time to speak with

his attorney about the consequences to plead guilty in which he stated yes.

After Voorhees entered the guilty pleas, the judge allowed both victims to provide

a statement in court explaining the impact these crimes have had on their lives. After

hearing their statements, Voorhees told the court he never thought he would grow up "to

be a monster" and that he deserved what the judge decided to give him. RP at 22.

After hearing from Voorhees, the judge made the following comments on the

record:

> Mr. Voorhees, I appreciate that you had something to say. I think that it
> can be helpful for victims of domestic violence to hear some remorse. But
> you're right, you can't give them back what you took away from them. You
> can't give them back their peace of mind, their security. And the trauma

that you have left not only the two women with but also their families–because domestic violence does affect more than just the victim, it affects their whole family. And domestic violence is one of those crimes that can silently smolder for years.

You don't have any prior felonies in your history. The domestic violence from 2007 was a fourth-degree assault–domestic violence. It's significantly long ago, but it tells me that this is behavior that has been brewing within you. And you do need to look within yourself and decide how you can be different in the future because that's the only way you can truly atone for this. Even my sentencing you to prison isn't going to give these folks back what you took from them.

RP at 23.

The judge then continued by stating that although there were recommendations contemplated, these were just recommendations. The judge moved through the sentencing on the burglary and firearm case, following recommendations provided, then proceeded to the second degree assault domestic violence case, which is at issue on this appeal. Based on the offender score of three, the standard range was 13 to 17 months. However, the judge declined to run the sentences concurrently, noting:

I understand the recommendation is to run these cases concurrently. However, I am finding that these are two very different incidents. They occurred nearly three years apart in time. They involve two different victims. And the nature of the fact that they're coming to me today on one day with a plea isn't making a difference with regard to the severity of each separate and individual act.

I don't find that running these matters concurrently is in the interests of justice. And I know that over objection of your counsel, it's not been asked or recommended, but I am going to exercise my discretion and find that there are facts sufficient to establish what I'm going to call an

5

exceptional sentence. And I'm going to order that the 17 months I'm ordering for this charge, the second-degree assault-domestic violence, is going to run consecutive to your sentence on the other matter. That is just and fair. And I think that that is in the interests of justice and does give a little peace of mind back to these victims who have been very affected by this matter.

RP at 26-27.

Following this ruling, counsel consulted with Voorhees to see if he wished to withdraw his plea. Defense counsel informed the court after hearing the victims speak "and because of how much remorse he feels, he feels he owes this sentence to them" and he was not going to move to withdraw his plea. RP at 28-29.

The court directed the prosecutor to prepare findings of fact and conclusions of law for the exceptional sentence. The findings stated that the two cases involved separate domestic violence victims. In its findings, the court noted "defendant's prior conviction for 4th Degree Assault (Domestic Violence) in 2007, which was omitted from the offender calculations pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient." Clerk's Papers (CP) at 39.

Voorhees appeals the conviction and sentence for second degree assault domestic violence.

ANALYSIS

1.  WHETHER VOORHEES UNDERSTOOD THE NATURE OF THE CHARGE TO WHICH HE
    WAS PLEADING GUILTY

Voorhees argues that his plea to second degree assault was not knowing, intelligent, and voluntary because there is nothing in the record to show that he understood the nature of the charge.[1]  In support of his argument, he points out that his statement on plea of guilty did not include the elements of the crime, the judge never informed him of the elements or even the nature of the charge, never read the factual basis for the plea into the record, and never determined that Voorhees understood the charge of second degree assault.  Nor did Voorhees' allocution indicate an understanding of the elements or factual basis for the plea.

While the requirements of the constitution and the court rules are not identical, both require that a defendant understand the nature of the charges for which they are pleading guilty.  CrR 4.2(d); *Matter of Hilyard*, 39 Wn. App. 723, 727, 695 P.2d 596 (1985).  Due process requires that a plea must be knowing, intelligent, and voluntary. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008).  The constitutional requirements for a voluntary plea include a showing that the defendant understands the essential elements of the offense.  *Hilyard*, 39 Wn. App. at 727.

---

[1] The only case before us is Voorhees' conviction for second degree assault. Voorhees did not appeal his convictions for first degree burglary—domestic violence and second degree unlawful possession of a firearm.

7

The procedures set forth in CrR 4.2 were intended to aid the court in protecting the constitutional right to a voluntary plea. *See Matter of Keene*, 95 Wn.2d 203, 206, 622 P.2d 360 (1980); *Hilyard*, 39 Wn. App. at 726. The court rule provides that "[t]he court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d). While the rule does not require the defendant to know every element of the crime to which they are pleading guilty, the defendant must be "'aware of the acts and the requisite state of mind in which they must be performed to constitute a crime.'" *Keene*, 95 Wn.2d at 207 (quoting *State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980).

The mandated form of the statement of defendant on plea of guilty, provided as part of CrR 4.2(g), provides additional aides to ensure that a defendant is aware of the nature of the charge. The form provides space to identify the crime, provide its elements, and allow the defendant to state in their own words what they did that makes them guilty of the crime for which they are pleading guilty. CrR 4.2(g). Below this space is a box that can be checked, indicating that in lieu of making a statement in their own words, the court may review police reports and the probable cause statement to determine a factual basis for the plea. *See Id*. When a defendant "fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie

8

verification of the plea's voluntariness." *State v. Perez,* 33 Wn. App. 258, 261, 654 P.2d 708 (1982).

Voorhees contends that his plea was involuntary because he never admitted his role in the crime and the record was silent as to his understanding of the elements of the crimes charged. In support of his position, he relies heavily on *United States v. Fountain,* 777 F.2d 351 (7th Cir. 1985). *Fountain* is distinguishable because it concerned compliance with Federal Rule 11(f), which is not the same as Washington's rule. "While Washington's rule requires the trial judge to determine that the defendant understands the nature of the charges, it does not contain comparable language [to Federal Criminal Rule 11(f)] requiring an inquiry in open court." *State v. Zhao*, 157 Wn.2d 188, 201, 137 P.3d 835 (2006); *see also* CrR 4.2(d).

Nevertheless, as Voorhees points out, the trial court did not question Voorhees about whether he understood the nature of the charges. Nor did the court describe the offense or read the factual basis for the plea into the record, which would have provided a record of how the allegations met the elements of the charge. Finally, the statement on plea of guilty failed to include the elements of the charge or a statement in the defendant's own words showing that he understood the nature of the offense.

Despite these deficiencies, the record supports the fact that Voorhees understood the nature of the crime to which he was pleading guilty. The statement of defendant on plea of guilty indicated that the elements of "Assault 2-DV" were "reflected in the

9

information." CP at 2. The statement also indicated that Voorhees was pleading guilty to "count 1 Assault 2-DV in the information," and that Voorhees had "received a copy of that information." CP at 12. At the plea hearing, Voorhees' attorney attested that she discussed the statement with Voorhees and that he is competent and fully understood the statement.

On appeal Voorhees does not otherwise contend that he did not actually understand the nature of the charges. Instead, his argument is essentially that the court failed to comply with CrR 4.2. While we would like to see a more thorough record, in this case the statement of defendant on plea of guilty is sufficient to show that the court complied with CrR 4.2, and Voorhees understood the nature of the charge and the requirement of CrR 4.2.

2. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN EXCEPTIONAL SENTENCE

Voorhees argues that the trial court abused its discretion when it imposed an exceptional sentence for his conviction of second degree assault domestic violence. He contends that the aggravating factors found by the court did not support the consecutive sentence.

The trial court imposed an exceptional sentence when it ordered Voorhees' sentence on the conviction for second degree assault domestic violence to run consecutive to his sentences for burglary and unlawful possession of a firearm.[2]  In its oral decision, the trial court suggested the primary reason for imposing a consecutive sentence was the court's belief that the two incidents resulting in three felony offenses, while considered current offenses, had significant differences:

> I understand the recommendation is to run these cases con currently. However, I am finding that these are two very different incidents. They occurred nearly three years apart in time.  They involve two different victims.  And the nature of the fact that they're coming to me today on one day with a plea isn't making a difference with regard to the severity of each separate and individual act.

RP at 26.

However, in the written findings and conclusions, presented by the State, there is no mention of the differences between the incidents.  Instead, the written findings rely solely on Voorhees' 2007 misdemeanor conviction for assault domestic violence, finding

---

[2] When a defendant is sentenced to two or more current offenses, the sentences should be served concurrently.  RCW 9.94A.589(1).  A "current offense" is one that is either entered or sentenced on the same date.  RCW 9.94A.589(1)(a).  Under this rule, Voorhees' convictions in two cases, although occurring three years apart, were considered current offenses and the standard range assumes the sentences would run concurrently.

that the omission of this crime from Voorhees' offender score resulted in a presumptive sentence that was clearly too lenient.

Consecutive sentences may be imposed under the "exceptional sentence" provisions of RCW 9.94A.535. RCW 9.94A.589(1)(a). In turn, RCW 9.94A.535 provides that a court may impose a sentence outside the standard range if it finds that there are "substantial and compelling" reasons justifying an exceptional sentence. RCW 9.94A.535.

Whenever a sentence outside the standard range is imposed, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." *Id.* If a court finds an exceptional sentence outside the standard range should be imposed, "the sentence is subject to review only as provided for in RCW 9.94A.585(4)." *Id.* RCW 9.94A.585(4) provides that to reverse a sentence outside the standard range, the reviewing court must find:

> (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

RCW 9.94A.585(4).

Under this statute, an appellate court is to engage in a three-part analysis. *State v. Fowler*, 145 Wn.2d 400, 405, 38 P.3d 335 (2002). First, the court must determine if the

12

record supports the reasons given by the sentencing court for imposing an exceptional sentence, which is a factual inquiry. *Fowler*, 135 Wn.2d at 405. Second, the court must determine as a matter of law whether the reasons provided justify imposing an exceptional sentence. *Id.* Finally, the court is to examine whether the sentence is clearly excessive or clearly lenient. *Id.* We review the record under a clearly erroneous standard to determine if it supports the trial court's reasons for imposing an exceptional sentence. *State v. Fletcher*, 20 Wn. App. 2d 476, 488, 500 P.3d 222 (2021).

The trial court's oral and written findings suggest two justifications for the exceptional sentence. First, in its oral ruling, the court suggested that despite the statutory requirement to treat the three felonies as current offenses, they were significantly different incidents. On appeal, the State concedes that this reason is legally inadequate because, despite being current offenses, Voorhees' offender score was enhanced by each of the felonies and Voorhees did not avoid the increased penalties.

The second reason provided in the court's written findings was the unscored misdemeanor conviction from 2007. Voorhees acknowledges the prior conviction, but contends that legally it is insufficient to support an exceptional sentence. We apply a de novo standard when reviewing whether the reasons given by the court justify imposing an exceptional sentence. *Fletcher*, 20 Wn. App. 2d. at 489.

A trial court may impose an exceptional sentence upon finding that "the defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purposes of this chapter." RCW 9.94A.535(2)(b).[3] When reviewing the legal adequacy of an aggravating factor, we employ a two-part test: "(1) The trial court may not base an exceptional sentence on factors the Legislature necessarily considered in establishing the sentencing range; and (2) the aggravating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category." *Fletcher*, 20 Wn. App. 2d at 489-90 (quoting *State v. Jennings*, 106 Wn. App. 532, 555, 24 P.3d 430 (2001)).

Voorhees contends that the trial court's reasons for imposing the exceptional sentence were not compelling and substantial. We agree. While a defendant's prior unscored misdemeanor convictions can support an exceptional sentence, they must be sufficiently substantial and compelling. Voorhees' single conviction twelve years before the oldest felony incident is not substantial or compelling. *See State v. Atkinson*, 113 Wn. App. 661, 669, 54 P.3d 702 (2002) (five unscored misdemeanor or foreign convictions

---

[3] Since the parties do not raise the issue, we do not consider whether a finding of "clearly too lenient," used to impose an exceptional sentence by way of consecutive sentences, must be found by a jury. *See State v. Johnson*, __ Wn. App. __, 536 P.3d 1162 (2023).

14

supported exceptional sentence); *State v. Ratliff*, 46 Wn. App. 325, 730 P.2d 716 (1986)

(history of 34 misdemeanors supported exceptional sentence); *State v. Clarke*, 156 Wn.2d

880, 895, 134 P.3d 188 (2006) (six unscored misdemeanor convictions provided legal

justification for exceptional sentence); *State v. Teuber*, 109 Wn. App. 640, 36 P.3d 1089

(2001) (history of 10 traffic misdemeanor convictions and 29 traffic infractions justified

exceptional sentence for felony hit and run).

The State points to the legislature's recognition that domestic violence is a

"serious crime against society" and seeks to assure "the victim of domestic violence the

maximum protection from abuse which the law and those who enforce the law can

provide." RCW 10.99.010. The State also notes that since 2011, certain misdemeanor

domestic violence convictions, including assault, are included in an offender score. *See*

RCW 9.94A.525(21)(c),.030(42). Finally, the State asserts that the trial court referred to

the unscored misdemeanor as part of a pattern of behavior that had been "long brewing"

within Voorhees. RP at 23.

We acknowledge these important policies and procedures on domestic violence.

But even in light of these considerations, we do not find that a single misdemeanor

conviction twelve years before a subsequent felony incident is substantial or compelling

enough to support an exceptional sentence.

We reverse Voorhees' sentence on his conviction for second degree assault and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.