UNITED STATES of America, Appellee,

v.

Alan Reed WIVELL, Appellant.

No. 89–5104.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1989.

Decided Jan. 3, 1990.

Earl P. Gray, St. Paul, Minn., for appellant.

Doug Peterson, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and BOWMAN and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

Alan Reed Wivell pleaded guilty to a charge of attempted possession with intent to distribute approximately one kilogram of cocaine. The District Court[1] sentenced him under the United States Sentencing Guidelines to seventy-eight months in prison, to be followed by four years of supervised release. On appeal, Wivell asks this

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

Court to vacate his sentence and remand for resentencing, arguing that his offense level under the Guidelines should have reflected a two-level reduction for acceptance of responsibility. We affirm.

During the course of an undercover investigation, Wivell purchased approximately one kilogram of cocaine from an undercover agent for $24,500 in cash. A search of the automobile in which Wivell rode to the transaction uncovered a .38 caliber revolver and a vehicle purchase contract showing Wivell as the purchaser of the automobile. Wivell was indicted on two counts: Count I, attempted possession with intent to distribute approximately one kilogram of cocaine in violation of 21 U.S.C. §§ 841(a)(1) (1982), 841(b)(1)(B)(ii)(II) (Supp. V 1987) & 846 (1982); and Count II, use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Supp. V 1987). He pleaded guilty to Count I. Pursuant to his plea bargain, Count II was dismissed at sentencing. Wivell was sentenced to seventy-eight months in prison, to be followed by four years of supervised release. Declining to follow the recommendation set forth in the Presentence Investigation Report (PSI), the court did not add to the base offense level two levels for possession of a firearm during the offense. In accordance with the PSI recommendation, the court refused to reduce the base offense level for acceptance of responsibility.

### I.

■ Seeking a remand for resentencing, Wivell first argues that the court sentenced him in violation of law because it did not "state in open court the reasons for its imposition of the particular sentence" as required by 18 U.S.C. § 3553(c) (Supp. V 1987). We disagree. While the court's written sentencing memorandum in this case is sparing in giving reasons, saying

only that the court found the sentence as calculated under the guidelines "appropriate," the record of the sentencing proceedings shows that the court refused to give credit for acceptance of responsibility because Wivell had continued in his criminal course of conduct after his indictment. We find no error in the court's failure to articulate specific reasons in the written memorandum, as the reasons appear on the record of the sentencing proceedings in open court. That is all the statute requires. There is no reason to disturb the sentence on this ground and we decline to do so.

### II.

■ Wivell also argues that, because he is entitled to the two-level reduction for acceptance of responsibility, his sentence as imposed was an incorrect application of the Guidelines. Again, we disagree.

■ To qualify for the reduction, a defendant must "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(a) (Nov. 1989) (hereinafter U.S.S.G.). Wivell claims that in pleading guilty he believed he had accepted responsibility—what more could he do? In our view, however, this argument completely misses the point of this provision. Wivell apparently interprets the two-point reduction for acceptance of responsibility as statutory bait for a guilty plea.[2] But acceptance of responsibility means what it says: a defendant must sincerely have accepted responsibility for his crime. While the sentencing judge cannot peer into the defendant's heart to discover whether a defendant is genuinely contrite, he can look for outward manifestations of acceptance of responsibility, such as those listed in the Guidelines.[3] A defendant's

---

**2.** We observe that, as a result of his plea bargain with the government, a serious federal firearms charge was dropped and "the government agree[d] not to charge the defendant with any additional crimes based upon information" the government then had. Plea Agreement at 2.

**3.** 1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:
(a) voluntary termination or withdrawal from criminal conduct or associations;

calculated simulations of remorse, however, do not automatically entitle him to a discount in his sentence for acceptance of responsibility. Thus, the Guidelines specifically deny an absolute right to a two-point reduction on the basis of a guilty plea, U.S.S.G. § 3E1.1(c), and emphasize that "the sentencing judge is in a unique position" to determine whether the defendant has accepted responsibility for his acts. *Id.* at comment. (n.5).

■ A reviewing court should give "great deference" to a lower court's conclusion regarding this matter, disturbing it on appeal only if it is "without foundation." *Id.; United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). Applying that standard of review, we do not believe the District Court's determination was "without foundation." The District Court specifically found that Wivell's arrest for dealing in cocaine while he was on bond awaiting disposition of this case was a clear indication that he was continuing his criminal course of conduct, and thus the court concluded that Wivell was not entitled to credit for acceptance of responsibility, despite his guilty plea, his expression of remorse, and his expression of a need for drug treatment.[4] We deny Wivell's request to vacate the sentence on this ground.

### III.

■ Wivell also challenges the acceptance of responsibility provision of the Guidelines as unconstitutionally vague both on its face and as applied to him. We must flatly reject both arguments because the Sentencing Guidelines are simply not susceptible to a vagueness attack.

The vagueness doctrine holds that a person cannot be held liable for conduct he could not reasonably have been expected to know was a violation of law. "It is settled that, as a matter of due process, a criminal statute that 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' is void for vagueness." *Colautti v. Franklin,* 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979) (citations omitted). Although these two due process values secured by the vagueness doctrine tend to coalesce, they are analytically distinct. The first—notice—focuses on the state of mind of the citizen in commanding that the rules he must follow be comprehensible. The second—arbitrary enforcement—concerns the behavior of law enforcement officials, and therefore condemns such empowering statutory devices as status crimes or "punishment by analogy." *Papachristou v. City of Jacksonville,* 405 U.S. 156, 168, & n. 8, 92 S.Ct. 839, 846, & n. 8, 31 L.Ed.2d 110 (1972). "These statutes are in a class by themselves.... Definiteness is designedly avoided so as to allow the net to be cast at large, to enable men to be caught who are vaguely undesirable in the eyes of police and prosecution although not chargeable with any particular offense." *Winters v. New York,* 333 U.S. 507, 540, 68 S.Ct. 665, 682, 92 L.Ed. 840 (1948) (Frankfurter dissenting), *quoted in Papachristou,* 405 U.S. at 166, 92 S.Ct. at 845. But both theories supporting the vagueness doctrine presume a law that attempts to proscribe or prescribe conduct.

---

(b) voluntary payment of restitution prior to adjudication of guilt;
(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;
(d) voluntary surrender to authorities promptly after commission of the offense;
(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
U.S.S.G. § 3E1.1, comment. (n. 1).

**4.** Because we believe appellant's youth (he was twenty-four years old at the time of his arrest and sentencing) and lack of a prior criminal record are utterly irrelevant to whether he had accepted responsibility, we reject as totally without merit his argument that these factors militated for the two-point reduction in this case.

■ The Sentencing Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. It is well established that, with the exception of capital cases,[5] there is no constitutional right to such directives. *Lockett v. Ohio*, 438 U.S. 586, 603, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978) ("[L]egislatures remain free to decide how much discretion in sentencing should be reposed in the judge or jury in noncapital cases...."). Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. Thus, in *Britton v. Rogers*, 631 F.2d 572 (8th Cir.1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981), this Court upheld a life sentence imposed by a jury pursuant to a statute that provided a sentencing range of from thirty years to life imprisonment, but which contained no standards to guide the jury in its sentence determination. The appellant in that case argued that the absence of sentencing guidelines violated his right to due process under the United States Constitution. We held that the Constitution does not require sentencing guidelines in noncapital cases. 631 F.2d at 578; *accord Vines v. Muncy*, 553 F.2d 342, 347–48 (4th Cir.1977); *see also United States v. Rich*, 518 F.2d 980, 987 (8th Cir.1975) ("Due process is not violated by failure of a sentencing statute to specify the maximum sentence of prison or parole."), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976) *cited with approval in United States v. Sims*, 529 F.2d 10, 12 (8th Cir.1976) and *United States v. Meirovitz*, 747 F.2d 488, 489 (8th Cir.1984).[6]

Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. It therefore follows that the Guidelines cannot be unconstitutionally vague as applied to Wivell in this case. Even vague guidelines cabin discretion more than no guidelines at all. What a defendant may call arbitrary and capricious, the legislature may call discretionary, and the Constitution permits legislatures to lodge a considerable amount of discretion with judges in devising sentences.

Moreover, appellant's vagueness challenge is uniquely absurd in the context of acceptance of responsibility. This provision is designed as a specific attempt to accommodate individualized sentencing—that is, discretionary sentencing—within a uniform set of guidelines. Even if Wivell had a due process right to greater clarity in some other Guidelines provision, which he does not, he would still have no vagueness argument against this small tribute in the Guidelines to judicial discretion. The fact is that the text of the Guidelines defines with some precision what it means for a defendant to accept responsibility: he must "demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The commentary to the acceptance of responsibility section goes on to list seven rather precise "appropriate considerations" in the application of this section. *See supra*, note 3. The text and the commentary thus add sufficient flesh to the bare bones of the acceptance of responsibility provision to shield that provision from any possibility of successful attack on vagueness grounds, either facial or as applied.

**5.** *Cf., e.g., Woodson v. North Carolina*, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991–92, 49 L.Ed.2d 944 (1976) ("[T]he penalty of death is qualitatively different from a sentence of imprisonment, however long.... Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.").

**6.** *See also Dorszynski v. United States*, 418 U.S. 424, 437, 94 S.Ct. 3042, 3049–50, 41 L.Ed.2d 855 (1974) (interpreting the Federal Youth Corrections Act as "preserv[ing] the unfettered sentencing discretion of federal district judges"); *Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 1284–85, 2 L.Ed.2d 1405 (1958) (holding that there is no appellate review of sentences imposed within the statutory limit).

### IV.

 Our decision upholding the District Court's denial of the two-level reduction for acceptance of responsibility moots a remaining issue raised by Wivell. If Wivell had received the reduction for acceptance of responsibility, his Guidelines sentence would be in the range of fifty-one to sixty-three months. Without the reduction, the low end of the range is sixty-three months. Pursuant to 21 U.S.C. § 841(b)(1)(B)(ii)(II), under which Wivell was sentenced, a defendant in possession with intent to distribute 500 grams or more of a substance containing cocaine is subject to a mandatory minimum sixty-month sentence and a mandatory four years of supervised release. Wivell has asked us to consider the applicability of these mandatory provisions to the attempted-possession offense to which he pleaded guilty. Because we affirm the District Court's denial of credit for acceptance of responsibility, the low end of Wivell's sentencing range remains above the mandatory minimum. Thus the issue is moot and we do not reach it.

 Wivell also challenges the applicability of the mandatory four years of supervised release to his attempt conviction. 21 U.S.C. § 841(b)(1)(B)(ii)(II). The District Court's sentencing memorandum cited the statute in imposing four years of supervised release upon Wivell, and our decision to affirm the sentence does not moot this issue. Wivell failed, however, to raise this issue below and in fact stipulated his understanding that a minimum four years of supervised release was the statutory penalty when he signed the plea agreement. We therefore may reverse only upon a finding of "plain error resulting in a miscarriage of justice." *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir.1988). This does not come close to being a case of plain error. Moreover, even if the issue had been preserved for appellate review, Wivell's challenge would fail. The court had statutory authority, independent of the particular statutory authority that Wivell challenges, for imposing four years of supervised release on Wivell because of his classification as a Class B felon. *See* 18 U.S.C. § 3559(a)(1)(B) (Supp. V 1987) & 21 U.S.C. § 841(b)(1)(B). In fact, Wivell was subject to up to five years of supervised release. 18 U.S.C. § 3538(a), (b)(1) (Supp. V 1987); U.S.S.G. § 5D1.2(b)(1). Wivell therefore is not entitled to have his term of supervised release vacated or modified.

The sentence imposed on Wivell by the District Court is affirmed.