[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2006
THOMAS K. KAHN
CLERK

_____

No.06-11716
Non-Argument Calendar

_____

D.C. Docket No. 03-00475-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMI ANN ALLOWITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 17, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Tammi Ann Allowitz appeals her 151 -month sentence imposed after remand

for resentencing for using the internet and the telephone to solicit murder and

traveling in interstate commerce to solicit murder, in violation of 18 U.S.C. § 1958(a). On appeal, Allowitz first argues that the trial court erred in allowing the government to read into evidence at the resentencing hearing excerpts from personal letters that Allowitz wrote to her daughter because (1) the court did not require the government to produce copies of the letters in their entirety so that the statements introduced could be considered in context, in violation of the "rule of completeness," Fed.R.Evid. 106, and (2) the letters had not been authenticated or admitted into evidence.

A district court's evidentiary rulings are reviewed for an abuse of discretion. United States v. Brown, 415 F.3d 1257, 1264-65 (11th Cir. 2005), cert. denied, 126 S.Ct. 1570 (2006). However, where a defendant fails to raise an issue in the district court, we review only for plain error. See United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Issues asserted in the appellant's "Statement of Issues," but not argued in the text of the appellant's brief are deemed waived. See Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005). Here, Allowitz raises her claims that the letters were not authenticated or admitted into evidence for the first time on appeal. Further, the claims were not properly presented in her brief because she only argued them in her "Statement of the Issues," but not in the text of her brief. Therefore, she has waived

these arguments. See Transamerica Leasing, Inc., 430 F.3d at 1331 n.4. Because Allowtiz raised her claim that the district court erred in not considering the letters in their entirety below, the abuse-of-discretion standard applies to that claim.

A sentencing court may consider any information, including hearsay, regardless of its admissibility at trial, as long as (1) the evidence has sufficient indicia of reliability; (2) the court makes explicit findings of fact as to credibility; and (3) the defendant has the opportunity to rebut the evidence. United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001); see also U.S.S.G. § 6A1.3(a) (noting that the sentencing court, in resolving a dispute concerning a sentencing factor, "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy"). However, the sentencing court is not required to make specific findings regarding the reliability of hearsay statements where the reliability of the statements is apparent from the record. United States v. Gordon, 231 F.3d 750, 760-61 (11th Cir. 2000). A sentencing court may consider information, even if it would not be admissible under the Federal Rules of Evidence.

In this case, Allowitz's attorney acknowledged that Allowitz wrote the letters to her daughter before she sought medical treatment and Allowitz essentially

acknowledged that she wrote the letters when she apologized and explained that she had written them before she received treatment. The reliability of the excerpts was apparent from the record. We do not find an abuse of discretion.

Allowitz also argues that the district court failed to specifically articulate its reasons for imposing a sentence at the high end of the guideline range, in violation of 18 U.S.C. § 3553(c)(1). "The question of whether a district court complied with 18 U.S.C. § 3553(c)(l) is reviewed de novo, even if the defendant did not object below." United States v. Bonilla, No. 05-16857, manuscript op. at 9 (11th Cir. Sept. 5, 2006). "Pursuant to 18 U.S.C. § 3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence 'is of the kind, and within the range [recommended by the Guidelines] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." See 18 U.S.C. 3553(c)(1); Bonilla, No. 05-16857, manuscript op. at 10.

When stating its reasons for imposing a particular sentence as required by § 3553(c)(1), the court should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." Bonilla, No. 05-16857, manuscript op. at 10. "However, the requirement of § 3553(c)(l) 'does not mean that the sentencing court must incant

4

the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case." Id. at 11 (quoting United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990)). Nothing in our precedent or Booker "requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where . . . it is obvious the court considered many of the § 3553(a) factors." Id. (emphasis in original). We can consider the record of the entire sentencing hearing in evaluating the district court's reasons for imposing a particular sentence, and need not rely exclusively on the court's summary statement at the close of the sentencing hearing. Id. at 12. (citing United States v. Wivell, 893 F.2d 156, 158 (8th Cir. 1990)).

Here, Allowitz's guideline range of 121 to 151 months spans 30 months, making § 3553(c)(1) applicable to her sentence. In considering the entire sentencing hearing, the district court complied with § 3553(c)(1) by explaining the imposition of Allowitz's sentence in relation to the § 3553(a) factors and was not required to account for every § 3553(a) factor. Allowitz's case is comparable to Bonilla because as in Bonilla (1) the court heard testimony and arguments from the parties regarding the 3553(a) factors; (2) the court also heard a summary of the testimony from Allowitz's first sentencing hearing regarding Allowitz's mental

5

state at the time she committed the offense; (3) the court considered the guideline range and the parties' arguments regarding the appropriate sentence; (4) the court found that Allowitz's depression did not cause her to commit the offenses, which indicated the court's consideration of the "nature and circumstances" of her offense; and (5) the court praised Allowitz's efforts at rehabilitation while incarcerated, indicating that it had considered her "history and characteristics." In addition, at Allowitz's first sentencing hearing, the court explicitly stated that it imposed a sentence at the high end of the guideline range to adequately address the seriousness of Allowitz's offense. Thus, the court met the § 3553(c)(l) requirements.

Finally, Allowitz argues that her sentence was unreasonable because it was greater than necessary to achieve the statutory purposes of sentencing, and the court failed to adequately consider the § 3553(a) sentencing factors. As noted above, the record reveals that the district court did properly considered all of the § 3553(a) sentencing factors as well the advisory guideline range in sentencing Allowitz. We find that, on this record, Allowitz has failed to carry her burden of showing that her sentence was unreasonable.

**AFFIRMED.**

6