[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16086
Non-Argument Calendar

_____

D. C. Docket No. 06-14012-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL ROY PETERS, IV.,
a.k.a. "Alex1007",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2007)**

Before TJOFLAT, HULL  and WILSON, Circuit Judges.

PER CURIAM:

Paul Roy Peters, IV appeals his 108-month sentence, imposed after he pled

guilty to a single count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). The presentence investigative report ("PSI") calculated Peters' total offense level as 31, with a criminal history of I, and resulting guideline range of 108 to 135 months of imprisonment. At sentencing Peters requested to be sentenced to the statutory minimum of 60 months of imprisonment. After stating that it had considered the statements of all parties, the PSI with guideline range, and statutory factors, the district court sentenced Peters at the low end of the guideline range. On appeal, Peters argues that the district court erred by not adequately stating reasons for imposing his 108-month sentence at the very low end of the applicable guideline range. Peters also argues that his sentence is unreasonable in light of the record.

First, Peters argues that the district court violated 18 U.S.C. 3553(c)(1) by failing to articulate the reasons for his sentence. Whether a district court satisfied § 3553(c)(1) is a question of law that we review *de novo*. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (per curiam). When stating its reasons for imposing a particular sentence as required by § 3553(c)(1), the court should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." However, § 3553(c)(1) does not require a sentencing court to use specific language or state that a particular factor is

inapplicable. *Id.* at 1182 (citation omitted). We can consider the record of the entire sentencing hearing in evaluating the district court's reasons for imposing a particular sentence, and need not rely exclusively on the court's summary statement at the close of the sentencing hearing. *Id.* (citing with approval *United States v. Wivell*, 893 F.2d 156, 158 (8th Cir. 1990)).

Peters also challenges his sentence as unreasonable in light of the factors set forth in § 3553(a). After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we review sentences under the advisory guideline regime for reasonableness. Reasonableness review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005 )(per curiam). Although a sentence within the advisory guidelines range is not *per se* reasonable, we ordinarily would expect such a sentence to be reasonable. *Id.* at 787-88. In fashioning a sentence, first the district court must correctly calculate the defendant's guideline range; second, it must consider the § 3553(a) sentencing factors. *Id*. at 786. The court is not required to explicitly consider each of these factors on the record. *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005). It is enough for the court to acknowledge the parties' arguments and state that it has considered the factors.

*See  Id.* "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors . . ." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *petition for cert. filed,* (U.S. Oct. 19, 2006) (No. 06-7352).  Furthermore, Peters bears the burden of establishing that his sentence is unreasonable in light of the record and § 3553(a) sentencing factors. *Talley*, 431 F.3d at 788.

Here, the record adequately reflects a consideration of the § 3553(a) factors to satisfy § 3553(c)(1), and Peters has not borne the burden of showing that his sentence was unreasonable in light of these factors.  The district court correctly calculated Peters guideline range. The court then heard Peters' statements regarding his family background, career plans, and circumstances surrounding the offense, including Peters' cooperation with the police and expressed remorse.  The district court also indicated that the imposed sentence, within the applicable range, would help deter future criminal activity by Peters.  Thus the record demonstrates a consideration of several § 3553(a) including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the applicable guideline range, and the kinds of sentences available.  Furthermore, Peters' sentence was less than half of the statutory maximum sentence of 20 years.

4

*See United States v. Thomas*, 446 F.3d 1348, 1357-58 (11th Cir. 2006) (affirming defendant's 121-month sentence as reasonable because, *inter alia*, the low-end sentence was just over one-half of the 20-year statutory-maximum sentence). Because the district court complied with § 3553(c)(1), and the sentence imposed was reasonable in light of the record, we affirm.

**AFFIRMED**.