# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2053

_____

United States of America,           *

                                     *

           Appellee,        *

                                     *   Appeal from the United States

      v.                            *   District Court for the

                                     *   Eastern District of Missouri.

Dorian M. Jefferson,         *

                                     *   [UNPUBLISHED]

           Appellant.      *

_____

Submitted: January 15, 2008
Filed: March 7, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Pursuant to active bench warrants, St. Louis, Missouri police officers arrested Dorian M. Jefferson outside of his residence and entered his house to execute a search warrant. Two loaded handguns, drug paraphernalia, and less than a gram of cocaine base were found in a drawer of a dresser in Jefferson's bedroom. A loaded .30-30 caliber rifle was found in his bedroom closet. The rifle and one of the handguns were

_____

[1] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

successfully test fired. The other handgun was inoperable because it was missing a firing pin and spring.

Jefferson was indicted with, and pled guilty to, one count of being a felon in the possession of a firearm, 18 U.S.C. § 922(g)(1). Prior to sentencing, Jefferson objected to the imposition of a four-level enhancement for the possession of a firearm "in connection with" another felony offense. United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(6) (Nov. 2006). The district court[2] overruled the objection, and we affirm.

We review the district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. United States v. Harper, 466 F.3d 634, 649 (8th Cir. 2006), cert. denied, 127 S. Ct. 1504 (2007). The presentence investigation report recommended the four-level enhancement because possession of cocaine base is a felony under Missouri law. Mo. Ann. Stat. § 195.202 (West 2004). Jefferson argues that because he was outside of his apartment at the time the contraband was found, there was an insufficient nexus between him and the guns and the drugs for section 2K2.1(b)(6) to apply. A connection can be inferred from the physical proximity of guns and drugs to each other; whenever a defendant has access to both at the same time, the risk of violence is increased. See United States v. Martinez, 258 F.3d 760, 762 (8th Cir. 2001); United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997). Thus the district court did not err in applying the Sentencing Guidelines to the undisputed facts of Jefferson's conduct.

Jefferson further argues that section 2K2.1(b)(6) of the Sentencing Guidelines is unconstitutionally vague. When the Guidelines were mandatory, we flatly rejected arguments that they were subject to a vagueness challenge. United States v. Wivell,

---

[2] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

893 F.2d 156, 159 (8th Cir. 1990). We described the Guidelines as "directives to judges for their guidance in sentencing convicted criminals," not prohibitions on conduct for citizens at large. <u>Id.</u> at 160. Then we observed that "a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines." <u>Id.</u> Now that the Guidelines are advisory, we see no reason to reach a different conclusion than in <u>Wivell</u>. Jefferson's vagueness challenge is denied.

For these reasons, we affirm the decision of the district court.

_____