# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1886

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| James E. Boyce, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: January 13, 2011
Filed: February 28, 2011

_____

Before MURPHY, HANSEN, and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

James Boyce pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court declined to enhance Boyce's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that his prior conviction for possession of a weapon in a correctional facility did not qualify as a violent felony. Boyce was sentenced to 37 months imprisonment. The government appeals the court's decision not to sentence Boyce under the ACCA. We reverse and remand for resentencing.

In January 2009, Boyce pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). The presentence investigation report (PSR) prepared prior to Boyce's sentencing indicated that he had three prior felony convictions. The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has "three previous convictions by any court . . . for a violent felony." 18 U.S.C. § 924(e)(1). There is no dispute that two of Boyce's prior convictions, a 1981 conviction for manslaughter and a 1990 conviction for burglary, kidnaping, and rape, qualify as violent felonies under the ACCA.

The issue here is whether Boyce's 1986 Missouri conviction for possession of a weapon in a correctional facility is a violent felony. While incarcerated in the Missouri State Penitentiary, Boyce was convicted of possessing a homemade weapon which resembled an ice pick and was over eight inches long. The weapon was discovered by prison officers wrapped in a bandage on Boyce's arm. The PSR did not characterize this conviction as a violent felony or recommend that Boyce be sentenced as an armed career criminal. The government objected to the PSR, arguing that a conviction for possession of a weapon in a correctional facility is a violent felony and that Boyce therefore had three violent felony convictions and should receive the ACCA mandatory minimum sentence.

The district court held an initial sentencing hearing in November 2009, during which it heard testimony from the government's expert witness, Donald P. Roper, Superintendent of the Potosi Correctional Center of the Missouri Department of Corrections. Roper testified about his experience in investigating and disciplining inmate weapons violations and the danger they posed within the prison system. At the conclusion of the hearing, the court reserved ruling on whether Boyce's conviction qualified as a violent felony under the ACCA.

At a second sentencing hearing in March 2010, the district court concluded that under <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010), possession of a weapon in

a correctional facility is not a violent felony for purposes of the ACCA.  The court overruled the government's objection and sentenced Boyce to 37 months imprisonment.  The only issue on appeal is whether Boyce's conviction for possession of a weapon in a correctional facility is a violent felony under the ACCA.  We review de novo whether a defendant's prior conviction qualifies as a violent felony.  United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009).

The ACCA mandates a fifteen year statutory minimum sentence for any defendant who is convicted of being a felon in possession of a firearm and also has three previous violent felony convictions.  18 U.S.C. § 924(e)(1).  The statute defines a violent felony as a crime punishable by a term of imprisonment exceeding one year that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

Boyce was convicted in Missouri state court of possessing a weapon in a correctional facility, in violation of Missouri Revised Statute 217.360.1(4), which makes it a crime for an inmate "knowingly . . .[to] have in his possession . . . in or about the premises of any division correctional institution . . . [a]ny gun, knife, weapon, or other article or item of personal property that may be used in such a manner as to endanger the life or limb of any inmate or employee thereof."  Mo. Rev. Stat. 217.360.1(4).

Relying on the Supreme Court's decision in Johnson, the district court concluded that Boyce's Missouri conviction did not qualify as a violent felony under the ACCA because it lacked a requirement of active, physical force.  In Johnson, the Supreme Court decided that in order to qualify as a violent felony under subsection (i) of § 924(e)(2)(B), a crime must have as an element the use of violent, physical force "capable of causing physical pain or injury to another person."  130 S. Ct. at

1271. The government has not argued that subsection (i) of § 924(e)(2)(B) applies to Boyce's Missouri conviction, however. The argument it has relied on before the district court and on appeal is that the conviction qualifies as a violent felony under the residual clause of § 924(e)(2)(B)(ii), which applies to crimes involving "conduct that presents a serious potential risk of physical injury to another." In Johnson, the Supreme Court explicitly stated that it was not interpreting the residual clause of § 924(e)(2)(B)(ii), since that provision was not raised in the case. Id. at 1272. We therefore conclude that the court erred by overlooking the distinction between subsections (i) and (ii) of § 924(e)(2)(B).

The appropriate two part test for determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA's residual clause in subsection (ii) was set out in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009). To qualify as a violent felony under the residual clause, the defendant's prior conviction must (1) "present[] a serious potential risk of physical injury to another, and (2) be "roughly similar, in kind as well as degree of risk posed," to the offenses listed in § 924(e)(2)(B)(ii). Begay, 553 U.S. at 143.

As to the first part of the test, we conclude that possession of a weapon in a correctional facility does present a serious potential risk of physical injury to another. As interpreted by the Missouri Court of Appeals, Mo. Rev. Stat. 217.360.1(4), the statute under which Boyce was convicted, applies only to the possession of inherently dangerous weapons such as guns or knives. State v. William, 100 S.W.3d 828, 833–34 (Mo. Ct. App. 2003). There is no lawful purpose for an inmate to possess an inherently dangerous weapon in a correctional facility, see United States v. Zuniga, 553 F.3d 1330, 1334 (10th Cir. 2009), and we have previously recognized that "[p]ossession of a dangerous weapon that has no lawful purpose creates a serious potential risk of physical injury to others." United States v. Vincent, 575 F.3d 820, 825 (8th Cir. 2009) (involving possession of a sawed off shotgun).

-4-

The next issue is whether possession of a weapon in a correctional facility is roughly similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e). These offenses include burglary, arson, extortion, and the use of explosives. A defendant's prior conviction is similar in kind to the listed crimes if it typically involves "purposeful, violent, and aggressive conduct." Begay, 553 U.S. at 144–46. Our inquiry is thus whether Boyce's conviction for possession of an inherently dangerous weapon in a correctional facility is a crime that typically involves purposeful, violent, and aggressive conduct.

The circuit courts which have considered whether possession of a weapon in prison qualifies as a violent felony after Begay have reached different conclusions. The Third Circuit, in United States v. Polk, 577 F.3d 515 (3d Cir. 2009), decided that although possession of a weapon in prison does pose a serious potential risk of physical injury, it is a passive crime centering around mere possession and does not involve purposeful, violent, and aggressive conduct. Id. at 519. The Fifth and the Tenth Circuits have reached the opposite conclusion, reasoning that a prisoner's possession of a dangerous weapon is an active, purposeful act associated with a likelihood of future violent confrontation. United States v. Marquez, 626 F.3d 214, 221 (5th Cir. 2010); Zuniga, 553 F.3d at 1335–36.

Although Boyce urges us to follow the reasoning of the Third Circuit, we have explicitly approved the approach taken by the Tenth Circuit in deciding whether possession of a weapon in prison is a violent felony under the ACCA's residual clause. See Vincent, 575 F.3d at 827. We continue to believe that the better reasoned approach to the issue is the one taken by the Fifth and Tenth Circuits. Possession of a dangerous weapon in a correctional facility involves purposeful conduct. Unlike the strict liability crime of driving under the influence at issue in Begay, a conviction under the Missouri statute requires proof of mens rea, Vincent, 575 F.3d at 825, specifically knowing possession. State v. Williams, 740 S.W.2d 345, 348 (Mo. Ct. App. 1987).

Boyce's offense was also both violent and aggressive because it "create[d] the possibility–even the likelihood–of a future violent confrontation." Vincent, 575 F.3d at 827 (quoting Zuniga, 553 F.3d at 1335). As we recognized in Vincent in respect to the crime of possession of a sawed off shotgun, possession of a dangerous weapon in prison is similar to the listed crimes in that it "is illegal precisely because it enables violence or the threat of violence." Id. at 825. When a prisoner carries a dangerous weapon, that behavior indicates that he is "prepared to use violence if necessary" and is ready "to enter into conflict, which in turn creates a danger for those surrounding the armed prisoner." Zuniga, 553 F.3d 1335–36.

Possession of a dangerous weapon in a correctional facility is purposeful, violent, and aggressive, and is therefore similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e). Boyce's Missouri conviction is a violent felony under the residual clause of the ACCA. As his third violent felony, he is subject to sentencing as an armed career criminal. Accordingly, we reverse and remand for resentencing under the ACCA.

_____