# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

No. 13-10541

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DE LA CRUZ, JR., also known as Frank Delacruz,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CR-111-1

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco De La Cruz, Jr. pleaded guilty to the federal offense of Convicted Felon in Possession of a Firearm. His sentence was enhanced based on the Armed Career Criminal Act (ACCA) because of his three prior "violent felony" convictions. The district court sentenced De La Cruz at the bottom of the guideline range to 180 months' imprisonment. On appeal, De La Cruz argues that: (1) the district court erred in classifying one of his prior offenses as a "violent felony" for purposes of applying the ACCA enhancement; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10541

(2) the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional under the Commerce Clause.  We hold that the district court properly classified De La Cruz's prior offense, and that the constitutional challenge is foreclosed. Therefore, we AFFIRM.

## I.

This Court reviews a district court's classification of a "violent felony" *de novo.  United States v. Schmidt*, 623 F.3d 257, 260 (5th Cir. 2010).  The ACCA states that a person who violates 18 U.S.C. § 922(g) and has three previous violent felony convictions shall be sentenced to no less than fifteen years in prison.  18 U.S.C. § 924(e).  The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)  is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

18 U.S.C. § 924(e) (emphasis added).

## II.

De La Cruz argues that the ACCA enhancement was improperly applied because his prior felony conviction for Possession of a Prohibited Object in Prison does not qualify as a "violent felony" under the ACCA's residual clause, emphasized above.  In determining whether a prior conviction qualifies as a violent felony under the ACCA, we begin with the categorical approach, which requires looking only to the fact of conviction and the statutory definition of the predicate offense, rather than to the particular underlying facts.  *See Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990). However, there are instances which require a variation of this approach.  *Id.*

No. 13-10541

This variation, referred to as the "modified categorical approach," allows a court to look at other documents, limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . . or to some comparable judicial record." *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005). The modified categorical approach is applicable only when a divisible statute is at issue. *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Court explained divisibility as follows: when a statute is divisible "i.e., comprises multiple, alternative versions of the crime – a later sentencing court cannot tell, without reviewing something more" which element of the statute the defendant was convicted under. *Id.* at 2284.

Here, De La Cruz's statute of conviction criminalized possession of certain objects by prisoners. The statute defined "prohibited object" as:

> (B) marijuana or a controlled substance in schedule III, other than a controlled substance referred to in subparagraph (C) of this subsection, ammunition, a weapon (other than a firearm or destructive device), **or** an object that is designed or intended to be used as a weapon or to facilitate escape from a prison.

18 U.S.C. § 1791(d)(1)(B) (emphasis added). This statute is divisible because it lists in the disjunctive multiple, alternative elements for committing the offense, e.g., by possessing marijuana, ammunition, a non-firearm weapon, or an object designed to be used as a weapon. Under *Descamps*, the statute may be analyzed under the modified categorical approach.

De La Cruz argues, however, that the statute of conviction is not divisible. He asserts that the possession of non-firearm weapons and possession of marijuana were statutorily listed together because they are simply possession offenses, and as such, they do not satisfy the ACCA's residual clause. De La Cruz relies heavily on *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009), for this assertion. He contends that *Chambers*

stands for the proposition that a statute is not necessarily divisible merely because it lists different kinds of conduct in the disjunctive. In *Chambers*, the statute at issue listed various types of "failure to report" offenses in the same section as "escape." *Id.* at 124. The Court determined that "failure to report" was a separate crime from "escape," but that the statute grouped all the "failure to report" offenses together as a single crime. *Id.* at 127. Likewise, De La Cruz asserts that the "possession" offenses listed together in the statute at issue should also be analyzed as a single crime, i.e., possession of a weapon should not be analyzed separately from possession of marijuana. De La Cruz's argument misses the point. The Supreme Court in *Chambers* grouped the "failure to report" offenses together because they described similar types of behavior, and it held that "separately listed behaviors [that] pose a similar degree of risk" may be considered as a single crime. *Id.* at 127 (citing *James v. United States*, 550 U.S. 207-209, 127 S. Ct. 1586 (2007)). Unlike the "failure to report" offenses in *Chambers*, possession of marijuana and possession of a stabbing weapon clearly involve very different types of behaviors and do not pose a similar degree of risk. Even following *Chambers'* reasoning, the statute of conviction in the instant case is divisible.

## III.

Because the statute of conviction is divisible and the modified categorical approach is applicable, we can look beyond the statute to determine the crime of conviction. De La Cruz's indictment reveals that the "prohibited object" he was convicted of possessing was "an approximately six inch metal stabbing weapon." In *United States v. Marquez*, 626 F.3d 214 (5th Cir. 2010), we held that possession of a deadly weapon by a prisoner (there a club) is a "crime of violence" under U.S.S.G. § 4B1.2. De La Cruz's possession of a metal stabbing

weapon is similar and presents "a serious potential risk of physical injury to another" for purposes of the ACCA.

De La Cruz attempts to sidestep *Marquez* by distinguishing between the definitions of "violent felony" under the ACCA and "crime of violence" under § 4B1.2. However, we have deemed the § 4B1.2 and ACCA definitions "very similar." *See id.* at 215-217 (stating that the only difference in the black letter text of the § 4B1.2 definition of a crime of violence and the ACCA violent felony definition is the insertion of "of a dwelling" after "burglary").

De La Cruz additionally argues that *Marquez* was not consistent with the Supreme Court's decisions in *Chambers* and in *Begay v. United States,* 553 U.S. 137, 128 S. Ct. 1581 (2008).[1] We disagree. The *Marquez* court followed the reasoning of the Supreme Court and drew the proper distinctions, stating:

> We are persuaded, based on the Supreme Court's reasoning in *Begay* and *Chambers*, that Marquez's conviction for possession of a deadly weapon by a prisoner in a penal institution is a crime of violence . . . . [A] prisoner's possession of a deadly weapon is more similar "in kind" to arson, burglary, extortion, or crimes involving the use of explosives.

*Marquez,* 626 F.3d at 221 (footnotes omitted).

The *Marquez* court further emphasized the potential risk of harm by stating that "an inmate may not intend to attack another person when he obtains a deadly weapon, but at a minimum his intentional possession of a deadly weapon signals his willingness to use it if, in his mind, the occasion warrants it." *Id.* at 222.

---

[1] The *Begay* Court, in holding that DUI was not a "violent felony," reasoned that even if an offense presents a potential risk for physical injury to another, it must also be "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses and "must be purposeful, violent, and aggressive." *Begay*, 553 U.S. at 158, 128 S. Ct. at 1594 (internal quotation marks omitted). The *Chambers* Court followed the *Begay* analysis in deciding that the "failure to report" offenses were not "purposeful, violent, and aggressive." *Chambers*, 555 U.S. at 128, 129 S. Ct. at 692 (internal quotation marks omitted).

No. 13-10541

*Marquez* held that possession of a deadly weapon by a prisoner is a violent felony under the ACCA, and that holding controls us. Accordingly, the district court properly classified De La Cruz's prior offense as a "violent felony" for purposes of applying the ACCA sentence enhancement.

## IV.

De La Cruz's constitutional challenge to 18 U.S.C. §922(g)(1) under the Commerce Clause is foreclosed in this circuit and was not overruled by the Supreme Court in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012). *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.