# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2635
_____

United States of America

*Plaintiff - Appellee*

v.

Chad Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: August 12, 2015
Filed: October 9, 2015
[Published]
_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Chad Taylor pled guilty to possessing a prohibited object in prison in violation of 18 U.S.C. § 1791(a)(2). Taylor received a sentencing enhancement for committing a "crime of violence" under the career offender guideline, U.S.S.G. § 4B1.1(a). On appeal, Taylor argues that his sentence is unlawful because the language in the

guideline is unconstitutionally vague. We held this appeal in abeyance pending the Supreme Court's anticipated decision in Johnson v. United States.

In Johnson, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015). That clause defines a "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The residual clause of the sentencing guideline uses identical language to the ACCA, including as a "crime of violence" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). We requested supplemental briefing to address the relevance of the Supreme Court's decision to Mr. Taylor's case.

The United States concedes that the sentence imposed by the district court should be vacated and the case remanded for resentencing in light of Johnson. After Johnson, the Supreme Court vacated and remanded for reconsideration two guideline sentences using the residual clause. E.g., United States v. Maldonado, 581 F. App'x 19, 22–23 (2d Cir. 2014), vacated and remanded, 135 S. Ct. 2929 (2015). The Sixth Circuit recently vacated a guideline sentence using the residual clause and remanded to the district court for reconsideration in light of Johnson. United States v. Darden, 605 F. App'x 545, 546 (6th Cir. July 6, 2015).

In United States v. Wivell, our circuit concluded that the sentencing guidelines are "not susceptible to a vagueness attack." 893 F.2d 156, 159 (8th Cir. 1990). We reasoned there that the due process vagueness doctrine does not apply to the guidelines because they do not "attempt[] to proscribe or prescribe conduct," but only provide guidance in sentencing convicted criminals. Id. at 159–160. Wivell does not foreclose Taylor's challenge, however, because a prior panel ruling does not control "when the earlier panel decision is cast into doubt by an intervening Supreme Court decision." United States v. Anderson, 771 F.3d 1064, 1067 (8th Cir. 2014).

In Johnson, the Supreme Court explained that the Fifth Amendment principles prohibiting vague or standardless criminal laws "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S. Ct. at 2557. The ACCA residual clause stricken by the Court was a sentencing statute, not a statute proscribing conduct. See 18 U.S.C. § 924(e). Although the guidelines are not statutes, district courts must consider them and correctly calculate the advisory guideline range. Gall v. United States, 552 U.S. 38, 49, 51 (2007); United States v. Feemster, 572 F.3d 455, 460–61 (8th Cir. 2009) (en banc). The reasoning in Wivell that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after Johnson. See 135 S. Ct. at 2557. We leave for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional.

For these reasons, we vacate Taylor's sentence and remand to the district court for resentencing.

COLLOTON, Circuit Judge, dissenting.

Chad Taylor appeals the sentence imposed for his unlawful possession of a "prohibited object"—i.e., a 5.75-inch rod with a sharpened tip—in prison. The district court, in calculating an advisory sentencing range under the sentencing guidelines, determined that Taylor was a career offender under USSG § 4B1.1(a), and sentenced him to thirty-seven months in prison pursuant to 18 U.S.C. § 3553(a). The court concluded that Taylor's offense of conviction, *see* 18 U.S.C. § 1791(a)(2), was a "crime of violence" within the meaning of the guidelines, because it "involve[d] conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). Taylor, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), argues that the sentence must be vacated because the quoted clause from § 4B1.2(a)(2) is unconstitutionally vague. *Johnson* held that the comparably-worded

"residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which set a statutory minimum term of imprisonment for certain firearms offenses, is unconstitutionally vague.

Taylor's vagueness argument is foreclosed by circuit precedent. In *United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990), this court held that "the Sentencing Guidelines are simply not susceptible to a vagueness attack." *Id*. at 159. The court reasoned that "[b]ecause there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Id*. at 160. This court, in an unpublished decision, continued to apply *Wivell* after the guidelines were rendered advisory. *United States v. Jefferson*, 267 F. App'x 483, 484 (8th Cir. 2008). Indeed, the Seventh Circuit concluded that *United States v. Booker*, 543 U.S. 220 (2005), "bolstered" *Wivell* and cases that followed it: "Since the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *United States v. Tichenor*, 683 F.3d 358, 365 (7th Cir. 2012) (footnote omitted).

The majority here declines to follow *Wivell* and seeks refuge in the rule that a prior panel decision is not controlling if an intervening Supreme Court decision is inconsistent with the prior opinion. *See McCullough v. AEGON USA Inc.*, 585 F.3d 1082, 1085 (8th Cir. 2009). The court asserts that *Johnson* is such an intervening decision, because it explained that constitutional vagueness principles "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S. Ct. at 2557. As *Johnson* itself recognized, however, this proposition was nothing new: the point was settled well before this court decided *Wivell* in 1990, as illustrated by *Johnson*'s citation of *United States v. Batchelder*, 442 U.S. 114, 123 (1979), as establishing the proposition. *Johnson*, 135 S. Ct. at 2557; *see Simpson v. Lockhart*,

-4-

942 F.2d 493, 497 (8th Cir. 1991) (citing *Batchelder* and rejecting vagueness challenge to sentencing statutes); *United States v. House*, 939 F.2d 659, 664 (8th Cir. 1991) (rejecting vagueness challenge to statutory minimum sentence); *United States v. Bishop*, 894 F.2d 981, 987 n.4 (8th Cir. 1990) (same).

*Wivell* addressed a different question: whether a vagueness challenge lies against sentencing guidelines that cabin a judge's discretion when sentencing within a range set by statute. *Johnson* says nothing whatever about that issue. *See United States v. Matchett*, No. 14-10396, 2015 WL 5515439, at *6 (11th Cir. Sept. 21, 2015) ("By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, but the advisory guidelines do neither.") (internal citation omitted). *Wivell* thus remains binding circuit precedent, and Taylor's due process claim should be rejected by this panel. Any argument that *Wivell* was wrongly decided should be directed to the full court in a suggestion for *en banc* review.

Taylor also argues that his offense of possession of a prohibited object in prison is not a crime of violence under the guidelines. Taylor's statute of conviction, 18 U.S.C. § 1791(a), is "divisible" within the meaning of *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), because "it lists in the disjunctive multiple, alternative elements for committing the offense." *United States v. De La Cruz*, 582 F. App'x 327, 329 (5th Cir. 2014), *vacated on other grounds*, 135 S. Ct. 2929 (2015). Taylor was charged with possessing in prison "a weapon and an object that is designed and intended to be used as a weapon," in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B), so the court should consider under the modified categorical approach whether that offense was a crime of violence.

Taylor asserts that his offense does not qualify, because it does not involve conduct that presents a serious potential risk of physical injury to another. This court

has ruled, however, that possession of a weapon in a correctional facility meets that standard under 18 U.S.C. § 924(e) and the definition of "violent felony" that prevailed before *Johnson*. *United States v. Boyce*, 633 F.3d 708, 710-12 (8th Cir. 2011). *Boyce* reasoned that the offense "create[s] the possibility—even the likelihood—of a future violent confrontation," because "[w]hen a prisoner carries a dangerous weapon, that behavior indicates that he is prepared to use violence if necessary and is ready to enter into conflict, which in turn creates a danger for those surrounding the armed prisoner." *Id*. at 712 (internal quotation marks omitted). The case for finding a "crime of violence" under the guidelines is even stronger, because the binding commentary to USSG § 4B1.2 contemplates that mere possession of a dangerous weapon—for example, a sawed-off shotgun—can qualify as a crime of violence. *See* USSG § 4B1.2, comment. (n.1). Attenuation between possession and use of a weapon in prison, therefore, does not preclude treating Taylor's offense as a crime of violence under the guidelines. *Cf. Johnson*, 135 S. Ct. at 2565-66 (Thomas, J., concurring in the judgment). The district court correctly ruled that Taylor is a career offender under the sentencing guidelines.

For these reasons, applying the circuit precedent of *Wivell* and *Boyce*, I would affirm the judgment of the district court.

_____