COLLOTON, Circuit Judge,
dissenting.
Chad Taylor appeals the sentence imposed for his unlawful possession of a “prohibited object” — i.e., a 5.75-inch rod with a sharpened tip — in prison. The district court, in calculating an advisory sentencing range under the sentencing guidelines, determined that Taylor was a career offender under USSG § 4Bl.l(a), and sentenced him to thirty-seven months in prison pursuant to 18 U.S.C. § 3553(a). The court concluded that Taylor’s offense of conviction, see 18 U.S.C. § 1791(a)(2), was a “crime of violence” within the meaning of the guidelines, because it “involve[d] conduct that presents a serious potential risk of physical injury to another.” USSG § 4B1.2(a)(2). Taylor, citing Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), argues that the sentence must be vacated because the quoted claúse from § 4Bl.-2(a)(2) is unconstitutionally vague. Johnson held that the comparably-worded “residual clause” of 18 U.S.C. § 924(e)(2)(B)(ii), which set a statutory minimum term of imprisonment for certain firearms offenses, is unconstitutionally vague.
Taylor’s vagueness argument is foreclosed by circuit precedent. In United States v. Wivell, 893 F.2d 156 (8th Cir.1990), this court held that “the Sentencing Guidelines are simply not susceptible to a vagueness attack.” Id. at 159. The court reasoned that “[bjecause there is no constitutional right to sentencing guidelines — or, more generally, to a less discretionary applica *934 tion of sentences than that permitted prior to the Guidelines — the limitations the Guidelines place on a judge’s discretion cannot violate a defendant’s right to due process by reason of being vague.” Id. at 160. This court, in an unpublished decision, continued to apply Wivell after the guidelines were rendered advisory. United States v. Jefferson, 267 Fed.Appx. 483, 484 (8th Cir.2008). Indeed, the Seventh Circuit concluded that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “bolstered” Wivell and cases that followed it: “Since the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants’ inability to look to the Guidelines for notice underscores why ... they cannot bring vagueness challenges against the Guidelines.” United States v. Tichenor, 683 F.3d 358, 365 (7th Cir.2012) (footnote omitted).
The majority here declines to follow Wi-vell and seeks refuge in the rule that a prior panel decision is not controlling if an intervening Supreme Court decision is inconsistent with the prior opinion. See McCullough v. AEGON USA Inc., 585 F.3d 1082, 1085 (8th Cir.2009). The court asserts that Johnson is such an intervening decision, because it explained that constitutional vagueness principles “apply not only to statutes defining elements of crimes, but also to statutes fixing sentences.” 135 S.Ct. at 2557. As Johnson itself recognized, however, this proposition was nothing new: the point was settled well before this court decided Wivell in 1990, as illustrated by Johnson's, citation of United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), as establishing the proposition. Johnson, 135 S.Ct. at 2557; see Simpson v. Lockhart, 942 F.2d 493, 497 (8th Cir.1991) (citing Batchelder and rejecting vagueness challenge to sentencing statutes); United States v. House, 939 F.2d 659, 664 (8th Cir.1991) (rejecting vagueness challenge to statutory minimum sentence); United States v. Bishop, 894 F.2d 981, 987 n. 4 (8th Cir.1990) (same).
Wivell addressed a different question: whether a vagueness challenge lies against sentencing guidelines that cabin a judge’s discretion when sentencing within a range set by statute. Johnson says nothing whatever about that issue. See United States v. Matchett, No. 14-10396, 802 F.3d 1185, 1194, 2015 WL 5515439, at *6 (11th Cir. Sept. 21, 2015) (“By its terms, the decision of the Supreme Court in Johnson is limited to criminal statutes that define elements of a crime or fix punishments .... The Armed Career Criminal Act defines a crime and fixes a sentence, but the advisory guidelines do neither.”) (internal citation omitted). Wivell thus remains binding circuit precedent, and Taylor’s due process claim should be rejected by this panel. Any argument that Wivell was wrongly decided should be directed to the full court in a suggestion for en banc review.
Taylor also argues that his offense of possession of a prohibited object in prison is not a crime of violence under the guidelines. Taylor’s statute of conviction, 18 U.S.C. § 1791(a), is “divisible” within the meaning of Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013), because “it lists in the disjunctive multiple, alternative elements for committing the offense.” United States v. De La Cruz, 582 Fed.Appx. 327, 329 (5th Cir.2014), vacated on other grounds, — U.S. -, 135 S.Ct. 2929, 192 L.Ed.2d 966 (2015). Taylor was charged with possessing in prison “a weapon and an object that is designed and intended to be used as a weapon,” in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(B), so the court should consider under the modified *935 categorical approach whether that offense was a crime of violence.
Taylor asserts that his offense does not qualify, because it does not involve conduct that presents a serious potential risk of physical injury to another. This court has ruled, however, that possession of a weapon in a correctional facility meets that standard under 18 U.S.C. § 924(e) and the definition of “violent felony” that prevailed before Johnson. United States v. Boyce, 633 F.3d 708, 710-12 (8th Cir.2011). Boyce reasoned that the offense “create[s] the possibility — even the likelihood — of a future violent confrontation,” because “[w]hen a prisoner carries a dangerous weapon, that behavior indicates that he is prepared to use violence if necessary and is ready to enter into conflict, which in turn creates a danger for those surrounding the armed prisoner.” Id. at 712 (internal quotation marks omitted). The case for finding a “crime of violence” under the guidelines is even stronger, because the binding commentary to USSG § 4B1.2 contemplates that mere possession of a dangerous weapon — for example, a sawed-off shotgun — can qualify as a crime of violence. See USSG § 4B1.2, comment. (n.1). Attenuation between possession and use of a weapon in prison, therefore, does not preclude treating Taylor’s offense as a crime of violence under the guidelines. Cf. Johnson, 135 S.Ct. at 2565-66 (Thomas, J., concurring in the judgment). The district court correctly ruled that Taylor is a career offender under the sentencing guidelines.
For these reasons, applying the circuit precedent of Wivell and Boyce, I would affirm the judgment of the district court.